UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAUREN BROWN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:22-CV-2665-B |
| | § | |
| TOWER CLUB OF DALLAS, INC., | § | |
| | § | |
| Defendant. | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendant Tower Club of Dallas, Inc. ("Tower Club")'s Motion to Dismiss (Doc. 8). Plaintiff Lauren Brown fails to state a claim for racial discrimination under 42 U.S.C. § 1981. Because the Court lacks jurisdiction over Brown's state-law claims for intentional infliction of emotional distress, assault, and battery, the Court **GRANTS** Tower Club's Motion to Dismiss and **DISMISSES** Brown's claims **WITHOUT PREJUDICE**.

## I.

## BACKGROUND[1]

This is a civil rights case concerning Brown's forcible removal from a Tower Club-hosted event. Tower Club is a Texas corporation that hosts events for its members and others. Doc. 1, Compl., 1–2. Brown owns a consulting business that helps "provid[e] business networking opportunities to businesses across the Dallas – Fort Worth area." *Id.* at 2. For several years, Brown has been a paying member of the "Club Corp Community" at Tower Club. *Id.*

Tower Club hired Brown and her company, LEB Social Impact Enterprises, to attend a "Single's Wine Mixer" event at Tower Club as "The Vibe Connoisseur." *Id.* At the event, Brown

---

[1] The Court derives the factual background from Brown's Complaint (Doc. 1).

reconnected with two women she met while in graduate school. *Id.* at 3. The two women were planning to attend another event Tower Club was hosting simultaneously, SMU Delta Gamma Sorority's "Victory Formal." *Id.* The women invited Brown to join them at the Victory Formal, and Brown accepted. *Id.* The women entered the other event together without any issues. *Id.*

After an hour of networking, Brown decided to purchase some water. *Id.* While at the concession stand, Brown was "aggressively approached" by the banquet manager, Jose Acosta. *Id.* Acosta grabbed Brown's arm and attempted to remove her. *Id.* Confused, Brown asked why she was being removed. *Id.* Acosta told Brown that she was not welcome at the event, elbowed her in the chest, and grabbed her by the arm, leaving a bruise. *Id.* at 4. Brown tried to explain to Tower Club staff that she was an invited guest at the Victory Formal. *Id.* At this point, a security guard approached, lifted Brown from behind, and restrained Brown in a neck hold. *Id.* As the security guard carried Brown through the crowd, Brown protested that she could not breathe. *Id.* People shouted at the security guard to stop assaulting Brown. *Id.* When they reached the elevators, the security guarded "violently thr[ew]" her into the elevators shoulder first, causing Brown to "exclaim" in pain. *Id.*

Brown later returned to Tower Club to retrieve her purse and again felt threatened by Tower Club's staff and security. *Id.* Brown subsequently learned that the bar manager, Alyssa Cozad, ordered Brown's removal because Cozad believed Brown did not belong at the event. *Id.* Brown alleges Cozad ordered Brown removed because Brown was a black woman networking at an event with predominately white women. *Id.*

Brown sued in this Court on November 30, 2022, alleging causes of action for racial discrimination in violation of 42 U.S.C. § 1981, intentional infliction of emotional distress,

assault, and battery. *Id.* at 5–8. Tower Club moved to dismiss all of Brown's claims. Doc. 8, Mot. Dismiss. The Court considers the Motion below.

## II.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) authorizes a court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "the Court must accept all well-pleaded facts as true, and view them in the light most favorable to the plaintiff." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019) (alteration and internal quotation omitted). But the Court will "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

To survive a motion to dismiss, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). When well-pleaded facts fail to meet this standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (alteration and internal quotations omitted).

## III.

## ANALYSIS

The Court begins by addressing Brown's § 1981 discrimination claims. Finding that Brown fails to state a § 1981 claim, the Court then examines whether it has jurisdiction over Brown's state-law causes of action. It does not.

A.     *Brown Has Not Plausibly Alleged a Section 1981 Claim*

Brown asserts claims for race discrimination under § 1981, alleging Tower Club denied her the full and equal benefit of the law and the right to make and enforce contracts. Doc. 1, Compl., 5–6. Section 1981 provides in pertinent part: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . and to the full and equal benefit of all laws and proceedings for the security of person and property as is enjoyed by white citizens." 42 U.S.C. § 1981(a). To state a race discrimination claim under § 1981, Brown must show "(1) [s]he is a member of a racial minority; (2) the [Tower Club] had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute." *See Perry v. VHS San Antonio Partners, L.L.C.*, 990 F.3d 918, 931 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 563 (2021). And she must plead facts that, taken as true, permit the Court to infer "that race was a but-for cause of [her] injury." *See Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020).

Tower Club argues Brown's § 1981 claims should be dismissed because (1) Brown has not alleged a contract between herself and Tower Club, (2) she has not identified a law or proceeding whose benefits Tower Club denied her, (3) she has not plausibly pleaded her race was the but-for cause of her injury, and (4) she has not plausibly pleaded discriminatory intent. Doc.

8, Mot., ¶ 19. Because the Court agrees that Brown has not plausibly pleaded a contract between herself and Tower Club or a law or proceeding whose benefits Tower Club denied her, the Court does not address Tower Club's other arguments.

Brown alleges Tower Club violated her right to "make and enforce contracts." Doc. 1, Compl., 5. To state a § 1981 claim for violation of the right to make and enforce contracts, "a plaintiff must (1) 'identify the content of the contract at issue,' (2) identify 'the particular contractual rights' that were allegedly modified by the defendant's actions, and (3) plead facts showing that the defendant's actions were motivated by discriminatory intent." *Vouchides v. Hous. Cmty. Coll. Sys.*, 2011 WL 4592057, at *8 (S.D. Tex. Sept. 30, 2011) (quoting *Grambling Univ. Nat'l Alumni Ass'n v. Bd. of Supervisors for the La. Sys.*, 286 F. App'x 864, 870 (5th Cir. 2008) (per curiam)). Brown does not allege a contract between the parties. *See generally* Doc. 1, Compl. Because Brown does not identify the contract at issue, she fails to state a § 1981 claim for violation of her right to "make and enforce contracts."

Brown also alleges Tower Club violated her right to "the full and equal benefit of all laws and proceedings." *Id.* at 5. As noted above, Tower Club is a private entity. "There is a Circuit split as to whether an action brought under the Full and Equal Benefit Clause requires state action or can be violated by a private actor." *Aziz v. FedEx Ground Package Sys., Inc.*, 2019 WL 636972, at *4 (E.D. Tex. Feb. 14, 2019). The Fifth Circuit has not yet addressed the issue. Tower Club urges the Court to weigh in and hold state action is required. *See* Doc. 8, Mot., ¶ 14.

The only court in the Northern District of Texas to address the issue held state action is required. *See Muick v. Wicks*, 2001 WL 1006059, at *4 (N.D. Tex. Aug. 14, 2001) (Lynn, J.). The Court declines to decide the issue because, even assuming a private actor can violate the Full and Equal Benefit Clause, Brown does not plausibly allege that Tower Club has done so.

"The Circuits that have allowed plaintiffs to maintain claims under § 1981's Full and Equal Benefit Clause premised on private discrimination have required that the plaintiff allege a specific law or proceeding for the security of her person or property that she has been denied full and equal benefit." *Aziz*, 2019 WL 636972, at *6. Here, Brown has not identified a law or proceeding of which she was denied the full and equal benefit. Thus, assuming without deciding Brown can assert a claim against Tower Club for violating the Full and Equal Benefit clause, the Court finds she has not done so.

Because Brown does not allege a contract between herself and Tower Club or a law or proceeding of which she was denied the full and equal benefit, the Court **GRANTS** Tower Club's Motion and **DISMISSES WITHOUT PREJUDICE** Brown's § 1981 claims.

B.     *The Court Declines to Exercise Supplemental Jurisdiction over Brown's State Law Claims*

Having dismissed Brown's only federal-law cause of action, the Court must "reassure [itself] of [its] jurisdiction" over Brown's remaining claims. *See Frye v. Anadarko Petrol. Corp.*, 953 F.3d 285, 293 (5th Cir. 2019). "District courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over a state claim once all federal claims are dismissed." *Alexander v. Mississippi*, 655 F. App'x 989, 993 (5th Cir. 2016). "The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial." *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009). This is especially true where, as here, the "proceedings [a]re at a relatively early stage." *See Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 587 (5th Cir. 1992). The case has been pending for only four months, and the Court has not yet entered a scheduling order. Because the Court has dismissed Brown's only federal-law cause of action and the case is at an early stage, the Court declines to exercise supplemental jurisdiction

over Brown's state-law claims. Thus, Brown's claims for intentional infliction of emotional distress, assault, and battery are **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

## IV.

## CONCLUSION

For the reasons explained above, the Court **GRANTS** Tower Club's Motion to Dismiss (Doc. 8) and **DISMISSES WITHOUT PREJUDICE** Brown's claims. Brown requests leave to amend her Complaint. *See* Doc. 10, Resp., 17. The Court grants Brown leave to amend. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). Within **TWENTY-ONE (21)** days of this Order, Brown is **ORDERED** to file an amended complaint. From the date of Brown's filing, Tower Club has **FOURTEEN (14)** days to file an answer or other responsive pleading pursuant to Federal Rule of Civil Procedure 15(a)(3).

SO ORDERED.

SIGNED: April 25, 2023.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE